<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAY WONG,<br><br>        Plaintiff,<br>v.<br><br>CORTISLIM INTERNATIONAL INC.,<br>and ALAN SPORN,<br><br>        Defendants. | **Civil Action No. 13-cv-4524 (SRC)**<br><br>**OPINION** |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court upon Defendants' motions to vacate default judgment and to dismiss the Complaint. Plaintiff opposes the motions. The Court has considered the parties' submissions and proceeds to rule without oral argument. For the following reasons, the Court will grant Defendants' motion to vacate the default judgment, and it will deny Defendants' motion for dismissal. The parties are directed to proceed with the litigation forthwith.

**I.    BACKGROUND**

This action stems from a defaulted loan. On January 5, 2011, Plaintiff May Wong ("Plaintiff" or "Ms. Wong") loaned $50,000 to Defendant Cortislim International, Inc. ("Cortislim"). Defendant Alan Sporn ("Mr. Sporn"), the CEO and President of Cortislim, executed the loan's promissory note. The loan has a 25% annual interest rate and a default rate of .041% per day. Plaintiff resides in New Jersey; Mr. Sporn lives in California; and Cortislim is a Delaware Corporation with its principal place of business in California.

1

In July of 2013, after failing to make timely repayments, Cortislim defaulted on the loan. Plaintiff filed a Complaint in this Court shortly thereafter. Plaintiff hired a process server in California to serve the Summons and Complaint upon Defendants. The process server served the adult manager of a UPS mailbox facility in Laguna Niguel, California, where Defendants were believed to receive mail.

Defendants did not answer or respond to the Complaint. On November 5, 2013, after the requisite passage of time, Plaintiff requested that default be entered. The Clerk entered default on November 7, 2013, for Defendants' failure to plead or otherwise defend against the Complaint. Plaintiff then moved for default judgment. On January 23, 2014, this Court entered default judgment in Plaintiff's favor. Plaintiff then attempted to collect the judgment. Mr. Sporn alleges that he only learned of the judgment in early 2015, when Plaintiff subpoenaed his bank.

On May 7, 2015, Defendants moved to vacate the default judgment and to dismiss the Complaint. Defendants assert that the UPS facility manager had no connection to Defendants, and that he lacked the authority to accept service on their behalf. Defendants further assert that they do not have a mailbox at that UPS location and that they thus never received service. Additionally, Defendants proffer defenses to the merits of Plaintiff's allegations, arguing that the loan in question had a usurious interest rate, and that Mr. Sporn cannot be held personally liable. Defendants further contend that the Court lacks subject matter jurisdiction over this case.

Plaintiff opposes Defendants' motions. Plaintiff argues that Defendants were indeed properly served, as the UPS facility's address was listed both on the promissory note and on Cortislim's web site. Plaintiff further posits that vacating default would prejudice Plaintiff, and that Defendants have not demonstrated excusable neglect or any meritorious defenses. Finally, Plaintiff urges that this Court has federal diversity jurisdiction over the action.

**II.    DISCUSSION**

    **A. Defendants' Motion to Vacate the Default Judgment**

This Court has discretion to vacate a default judgment. Tozer v. Charles A. Krause Mill. Co., 189 F.2d 242, 244 (3d Cir. 1951). To determine whether to vacate a default judgment under Federal Rule of Civil Procedure 60(b), courts should consider: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Gold Kist v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985); Gross v. Stereo Component Sys., 700 F.2d 120, 122 (3d Cir. 1983); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir. 1982).

The Third Circuit has held that District Courts should exercise their discretion in this area liberally, vacating default judgment when it is reasonable to have the case proceed on the merits. See Tozer, supra, 189 F.2d at 245 ("Matters involving large sums should not be determined by default judgments if it can reasonably be avoided. Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits."); Gross, supra, 700 F.2d at 122 ("[A]s a general matter this court does not favor defaults and [] in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits."); Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976) (noting same).

Here, in accordance with these principles and in light of the circumstances presented, the Court will vacate the default judgment and direct that the case proceed on the merits.

With respect to the three governing factors, the Court first finds that Plaintiff has not identified any significant prejudice that will result from having to litigate this case on the merits. Plaintiff stresses that further litigation will require the expenditure of additional resources, and it will upend Plaintiff's belief that this matter had closed. The Court acknowledges those factors.

Yet such difficulties will almost always follow the vacation of a judgment, and they cannot alone outweigh the Third Circuit's strong preference that cases be decided on the merits. See Tozer, supra, 189 F.2d at 245; Gross, supra, 700 F.2d at 122; Medunic, supra, 533 F.2d at 894.

Second, the Court finds that Defendants have presented numerous defenses to Plaintiff's claims. Citing New Jersey and California statutes, Defendants contend that Plaintiff's loan to Defendants is unlawful due to its allegedly usurious interest rates, and they urge that Mr. Sporn cannot be held individually liable for a loan made to a corporation. These defenses are colorable. The second Rule 60(b) factor thus also weighs toward vacating default judgment.

Last, the Court finds no demonstration that Defendants engaged in culpable conduct with respect to the service of the Summons and Complaint. Plaintiff argues that service upon Defendants was proper under California law, and that Defendants' failure to respond was therefore inexcusable. This Court need not engage in an exhaustive analysis of whether Plaintiff did, in fact, satisfy the various technical service requirements that apply. Instead, the Court simply notes that the service rendered appears somewhat questionable, given that the UPS facility was not Defendants' principal place of business, nor was it a registered service agent on Defendants' behalf. The Court has also considered Defendants' certifications as to the absence of service, and it has doubts as to whether Defendants were actually on notice as to the existence of this lawsuit, and on notice of their corresponding need to answer. The Court finds that Plaintiff has not demonstrated culpable conduct by Defendants.

All told, the three applicable factors weigh toward vacating default judgment, which the Court will accordingly do.

### B. Defendants' Motion to Dismiss

Defendants also move to dismiss the Complaint.  The Court will deny that motion.  A complaint will survive a motion to dismiss under Rule 12(b)(6) if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Bell Atlantic v. Twombly, 550 U.S. 554, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  The Third Circuit has held that to prevent dismissal of a claim the complaint must show, through the facts alleged, that the plaintiff is entitled to relief.  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).  In other words, the facts alleged "must be enough to raise a right to relief above the speculative level[.]"  Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555).

Here, Plaintiff's claims for relief are plausible, and Defendants have not demonstrated their entitlement to dismissal.  Defendants' arguments regarding the loan's interest rates and Mr. Sporn's personal liability were sufficiently colorable to support vacation of judgment, but they are far from conclusive at this stage.  Various limitations on the usury laws' reach may foreclose their application here, particularly because the borrower is a corporate entity, and because the principal loan exceeds $50,000.  The parties have also raised, but not adequately fleshed out, the issue of whether Mr. Sporn signed the promissory note in a personal capacity, or whether he is instead protected by the corporate veil.  The Court does not now decide these matters; rather, the parties will elucidate them, factually and legally, in the forthcoming litigation.

Finally, the Court also notes that Defendants have failed to demonstrate that this Court lacks federal subject matter jurisdiction.  In order for federal subject matter jurisdiction to arise

by virtue of the parties' diversity, the amount in controversy must exceed $75,000.  See 28 U.S.C.§1332(a).  Defendants urge that because the promissory note is only for $50,000, the jurisdictional prerequisite is not satisfied.  Yet Plaintiff contends that the provisions of the parties' loan agreement explicitly call for additional interest upon default, and that such amounts became part of the amount owed, i.e., the amount in controversy.  Plaintiff further notes that it is seeking attorneys' fees that will also count toward the $75,000 minimum.  In sum, Plaintiff has sought over the jurisdictional amount, and Defendants have failed to demonstrate why such calculations are not correct.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to vacate default judgment, and it will deny Defendants' motion to dismiss.  An appropriate Order will be filed.

                                                        s/ Stanley R. Chesler
                                              STANLEY R. CHESLER
                                        United States District Judge

Dated:  June 23, 2015